UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARVON D. GREEN,<br><br>        Plaintiff,<br><br>   v.<br><br>D. JACKSON, et al.,<br><br>        Defendants. | No. 1:24-cv-00576 JLT GSA (PC)<br><br><u>FINDINGS AND RECOMMENDATIONS</u><br><br>ORDER RECOMMENDING, CONSISTENT WITH 28 U.S.C. **§** 1915(g), THAT:<br><br>(1) PLAINTIFF BE IDENTIFIED AS A THREE STRIKES LITIGANT IN THE COURT'S DOCKETING SYSTEM;<br><br>(2) PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED;<br><br>(ECF No. 5),<br><br>AND<br><br>(3) PLAINTIFF BE ORDERED TO PAY THE FILING FEE IN FULL PRIOR TO PROCEEDING FURTHER WITH THIS ACTION<br><br>PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS DUE **JULY 25, 2024** |

      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

1

Before this Court is Plaintiff's application to proceed in forma pauperis. ECF No. 5. For the reasons stated below, consistent with 28 U.S.C. § 1915(g), the undersigned will recommend that: (1) Plaintiff be identified as a three strikes litigant in the Court's docketing system; (2) Plaintiff's application to proceed in forma pauperis be denied, and (3) Plaintiff be ordered to pay the filing fee in full prior to proceeding any further in this action.

## I.  RELEVANT PROCEDURAL HISTORY

Plaintiff's complaint was docketed with the Court on May 15, 2024, and signed by Plaintiff on May 5, 2024. ECF No. 1. On May 31, 2024, Plaintiff filed an application to proceed in forma pauperis. ECF No. 5. Thus, Plaintiff has "brought" an action for purposes of 1915(g). On June 4, 2024, after reviewing Plaintiff's filing history, the undersigned issued an order which directed Plaintiff to show cause why his application to proceed in forma pauperis should not be denied given that it appeared he is a three strikes litigant within the meaning of 28 U.S.C. § 1915(g). ECF No. 8. Plaintiff was given thirty days either to file a showing of cause or, in the alternative, to pay the filing fee in full. Id. at 6. To date, Plaintiff has not responded to the Court's order.

## II.  IN FORMA PAUPERIS STATUS

"[In forma pauperis] status is not a constitutional right." Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999) (brackets added); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("To proceed in forma pauperis is a privilege not a right."). An inmate's in forma pauperis status may be revoked *at any time* if the court, either sua sponte or on a motion, determines that the status was improvidently granted. Keeton v. Marshall, No. CV 17-01213 FMO (KS), 2018 WL 4381543, at *6 (C.D. Cal. June 8, 2018) (citation omitted) (italics added); Owens v. Matthews, No. CV 16-07755 JFW (KS), 2017 WL 603183, at *2 (C.D. Cal. Jan. 6, 2017) (stating same). The grant or refusal of permission to proceed in forma pauperis is left to the sound discretion of the district court. Smart, 347 F.2d 114, 116 (9th Cir. 1963) (citing Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963)). The latitude given a district court in such matters is especially broad in civil actions by prisoners against their wardens and other officials. Smart, 347 F.2d at 116 (footnote citation omitted); Shobe v. People of State of California, 362 F.2d 545, 546 (9th Cir. 1966) (citing

Smart).

III.   THREE STRIKES RULE:  28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action *and the reasons underlying it*." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (emphasis added) (citation omitted).  "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original).  Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  To satisfy the exception, the plaintiff must have alleged facts that demonstrate that he was "under imminent

3

danger of serious physical injury" at the time of filing the complaint.  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998); Lipsey v. Allison, No. 1:21-cv-00912 GSA, 2021 WL 2390424, at *3 (E.D. Cal. June 11, 2021) ("The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.").

The danger faced by a prisoner at the time of filing must be imminent or ongoing.  See, e.g., Medberry, 185 F.3d at 1193 (finding plaintiff was not in either imminent or ongoing danger and denying him ability to proceed in forma pauperis as three strikes litigant).  "Imminent danger of serious physical injury must be a real and present threat, not merely speculative or hypothetical."  Lipsey, 2012 WL 2390424, at *3; Blackman v. Mjening, No. 1:16-cv-01421 LJO GSA, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  In addition, "the imminent danger exception to the [Prison Litigation Reform Act's] three strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint."  Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022) (brackets added).

IV.    PLAINTIFF'S PRIOR STRIKES

A review of court records reveals that at least three cases brought by Plaintiff qualify as strikes under Section 1915(g).  The Court takes judicial notice of the following lawsuits[1] previously filed by Plaintiff and dismissed on grounds listed in Section 1915(g) prior to him bringing the instant matter:

- Green v. Harrod, No. 2:22-cv-01285 WBS CKD (E.D. Cal. May 12, 2023) (dismissed

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

for failure to amend after failure to state a claim determination);[2]

- Green v. Smith, No. 2:22-cv-01472 KJM KJN (E.D. Cal. Dec. 16, 2022) (dismissed for failure to exhaust administrative remedies),[3] and

- Green v. Phillips, No. 1:23-cv-01032 JLT BAM (E.D. Cal. Dec. 19, 2023) (dismissed for failure to state a claim; failure to obey court order, and failure to prosecute).

V.   DISCUSSION

A.   Matter Brought After Three Strikes Accrued

Plaintiff's complaint was docketed with this court on May 15, 2024.   At that time, all three of the above-referenced cases had been dismissed on grounds stated in Section 1915(g).  As a result, as a three strikes litigant Plaintiff is required to pay the filing fee in full unless at the time he brought he instant action before this Court, he made an adequate showing that he was in imminent danger of serious physical harm.  See 28 U.S.C. § 1915(g) (serious physical harm requirement).

B.   No Imminent Danger Alleged in Instant Case

A review of the complaint indicates that Plaintiff does not allege in it that he is imminent danger of serious physical harm.  See ECF No. 1 at 1-12 (complaint form with additional

---

[2] The dismissal of a case with leave to amend, followed by a plaintiff's failure to amend constitutes a strike under Section 1915(g).  See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017).

[3] Despite the fact that failure to exhaust administrative remedies is an affirmative defense, a complaint may be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) when an affirmative defense appears on its face.  See Harris v. Harris, 935 F.3d 670, 676 (9th Cir. 2019) ("[T]here are rare cases where an affirmative defense . . . may be so clear on the face of the complaint that dismissal may qualify as a strike for failure to state a claim."); El-Shaddai v. Zamora, 833 F.3d 1036, 1044 (9th Cir. 2016) (citations omitted) (stating when failure to exhaust is clear on face of complaint, it is sufficient to dismiss under 12(b)(6)); Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (citations omitted) ("But in those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim.").

In Green v. Smith ("Smith"), based on the content of the complaint, the Smith Court determined that Plaintiff Green had not completed the administrative grievance process prior to filing the case.  See Smith, ECF Nos. 10-12 (findings and recommendations; judgment, and order, respectively).  As a result, the matter was dismissed for failure to exhaust administrative remedies.  See Smith, ECF Nos. 11-12 (judgment, order).  Consistent with the findings in El-Shaddai, Albino, and Harris, this dismissal for failure to exhaust counts as a strike for failure to state a claim.

supporting pages). Therefore, Section 1915(g) precludes him from proceeding with this case without first paying the filing fees for it in full. See 28 U.S.C. § 1915(g).

### C. Failure to File Showing of Cause

When Plaintiff was ordered to file a showing of cause, he was given the opportunity to refute these findings and establish that he is not required to pay the filing fee in full as 28 U.S.C. § 1915(g) requires. See ECF No. 8 (order to show cause). In the showing of cause order, Plaintiff was also cautioned that failure to comply with the instructions in it might result in a recommendation that this matter be dismissed. Id. at 6. To date, however, Plaintiff has not availed himself of the opportunity to refute the Court's findings. On the contrary, he has not responded to the Court's order. For these reasons, the undersigned will recommend that Plaintiff's application to proceed in forma pauperis be denied and that he be ordered to pay the filing fee in full prior to proceeding any further with this action.

Accordingly, IT IS HEREBY RECOMMENDED that consistent with 28 U.S.C. § 1915(g):

1. Plaintiff be IDENTIFIED as a THREE STRIKES LITIGANT in the Court's docketing system;

2. Plaintiff's application to proceed in forma pauperis (ECF No. 5) be DENIED, and

3. Plaintiff be ORDERED TO PAY the FILING FEE IN FULL prior to proceeding further with this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations – **by July 25, 2024,** – Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **July 11, 2024**                        **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE